**Ledbetter v. Morrow**

C.P. of Allegheny County, no. AR 02693-93.

*Felix J. DeGuilio,* for plaintiffs.

*Terrance R. Henne,* for defendant, Port Authority of Allegheny County.

*Stephen J. Summers,* for defendant, Morrow.

ORIE MELVIN, *J.,* January 31, 1996—The plaintiff, Hattie Ledbetter, and her husband Spencer Ledbetter filed a complaint against the defendants, Patricia Morrow and the Port Authority of Allegheny County. Mrs. Ledbetter was seeking damages for injuries she allegedly sustained when she was thrown to the floor of a PAT bus as it collided with defendant Morrow's vehicle. The trial was heard before a special master with a jury sitting as fact-finders. After trial, the jury found in favor of the plaintiff on the issue of liability but awarded no damages for lost wages or pain and suffering. Plaintiff filed this appeal to the Superior Court.

Plaintiff alleges that the jury erred in finding PAT and Morrow negligent and not awarding monetary damages. This court does not agree. First, this court finds that the plaintiff is not entitled to a new trial because the plaintiff's attorney failed to enter his objection to the verdict on the record and, therefore, according to the court in *Picca v. Kriner,* 435 Pa. Super. 297, 645 A.2d 868 (1994) plaintiff has waived the objection. Even if the objection to the jury charge is sufficient to preserve this issue, the jury was the fact-finder and as such had the duty to evaluate the testimony and determine if they believed that the plaintiff's injuries, as she testified to, warranted compensation. Apparently this jury did not believe that the plaintiff suffered such injuries. While this court recognizes the decision in *Lupkin v. Sternick,* 431 Pa. Super. 300, 636 A.2d 661 (1994), it is not applicable in this case. In the *Lupkin* case the Superior Court awarded a new trial on damages because the jury found the defendant negligent but

awarded zero damages. In that case, there was objective medical proof to support the plaintiff's complaints of pain, and the defendant did not adequately question the plaintiff's wage loss claim. In the present case, the defendants admitted negligence but did not concede causation. Moreover, the alleged injuries in this case were not obvious, such as broken bones, but rather alleged soft tissue injury. The plaintiff failed to seek immediate medical attention and the loss of work she claimed ran coincidental to the time she was incapacitated due to foot surgery. This jury was not obligated by law to award compensation.

The plaintiff claims that the trial court allowed the defendant to cross-examine Ledbetter's medical expert with hearsay records that were not relied upon in the diagnosis and treatment of the plaintiff. That is not an accurate statement of what happened. From a review of the transcript it appears that in the course of the plaintiff's direct examination, the plaintiff questioned Dr. Sefick about a note in the record that Dr. Wise found that the plaintiff was unable to work until further notice because of the right arm pain. That report was dated October 12, 1992. When the defense cross-examined the plaintiff's expert Dr. Sefick, the defense questioned Dr. Sefick about a report from the treating physician, Dr. Wise, dated January 4, 1993 on the same letterhead as the October 12, 1992 report that states that the plaintiff will continue to stay fully active, was given no medication and was released for full work duty. Since this report was in the medical records that the expert reviewed to form his expert medical opinion that the injuries sustained by the plaintiff were incurred as a result of the accident, this report is admissible to impeach Dr. Sefick, regardless of whether he relied on this particular report or not.

The plaintiff also complains that defense counsel made remarks to the jury that had no support in evidence

and were his personal opinion. Plaintiff claims that the particular remark that he cites meant that the defense believed that the treatment of the plaintiff in this case was unreasonable. From a review of the transcript it appears that defense counsel has taken the remark out of context. Defense counsel is permitted to make a plea to the jury in the best interest of his client. A plain reading of the closing statement made by defense counsel appears to be merely argument to the jury and does not rise to the level of reversible error.

Plaintiff complains that the trial court erred in refusing to allow him to argue that payment of the medical bills by the defendant proves that she suffered injury. Plaintiff cites no legal basis for his position.

The next two complaints of the plaintiff deal with the jury instruction. After a review of the transcript, there seems to be no objection by the plaintiff to the instruction, only the defense. With no objection to the jury charge, plaintiff has waived these issues. Likewise, the other complaint by the plaintiff concerning exhibits that the jury could take to the deliberation room, there was no objection to the ruling that the medical records could not be sent out with the jury, and this issue is waived for review.

Finally, the plaintiff argues that the court erred by refusing to allow the plaintiff to call one of its witnesses per cross-examination. This witness was not a party to the lawsuit and there was no prior written statement or any proof that she changed her testimony. As such, while it is unfortunate for the plaintiff that a witness they had hoped would testify favorably for them did not, there was no foundation to support plaintiff's counsel's request to call one of its witnesses per cross.

For the foregoing reasons of fact and law, the motion for post-trial relief was properly denied.